# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § § § | |
| **v.** § § § | Nos. 1:22-CR-00220-LY; 1:22-CR-00221-LY |
| **(1) LUIS HERNANDEZ,** § § *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 4.[1] The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I.   BACKGROUND

#### A.   Timeline from the USPO's Adjustment Summary[2]

On January 20, 2022, Defendant, Luis Hernandez, appeared before the Honorable Fred Biery, in the Western District of Texas, San Antonio Division, to be

---

[1] As noted in the caption, the petition here refers to violations in connection with two separate criminal cause numbers. The matters asserted in the petition are identical. Unless otherwise noted, the docket references in this report and recommendation are to the -220 docket.

[2] At the hearing on the petition, the parties stipulated to the accuracy of the facts stated in the Adjustment Summary (with the exception of one typographical error).

sentenced for the offense of Conspiracy to Possess with the Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; under Case No. 5:19-CR-227(14)-FB. He was sentenced to 33 months custody with credit for time served while in federal custody pursuant to 18 U.S.C. § 3585(b), followed by three years of supervised release. Additionally, Defendant was sentenced for the offense of Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a), under Case No. 5:20-CR-397(03)-FB. He was sentenced to time served, to run concurrently to the term imposed under Case No. 5:19-CR-227(14)-FB, followed by three years of supervised release to run concurrently to the term imposed under Case No. 5:19-CR-227(14)-FB. No special conditions were ordered.

On June 16, 2022, Mr. Hernandez was released from custody with the Bureau of Prisons and began his term of supervised release. On June 17, 2022, and on June 21, 2022, he was explained his conditions of supervised release.

On August 15, 2022, a Probation Form 12A was submitted to the Court after Defendant provided a positive urinalysis for Marijuana on July 25, 2022. It was recommended no action be taken and Mr. Hernandez was subject to increased drug testing.

On September 27, 2022, jurisdiction was transferred from the Western District of Texas, San Antonio Division, to the Western District of Texas, Austin Division. The case as to 5:19-CR-227(14)-FB, was reassigned under Docket No. 1:22-CR-220(01)-LY, and the case as to 5:20-CR-397(03)-FB, was reassigned under Docket No. 1:22-CR-221(01)-LY.

On October 13, 2022, a Probation Form 12B was submitted advising the Court Defendant provided a positive urinalysis for Marijuana on September 15, 2022. A modification was requested to allow Defendant to participate in substance abuse treatment was well as mental health treatment.

On December 13, 2022, Defendant began his substance abuse and mental health treatment program with Hill Country Counseling in Austin, Texas.

On December 5, 2022, a Probation Form 12A was submitted advising the Court Defendant provided a positive urinalysis for marijuana on October 12, 2022, and on November 28, 2022. No action was requested to allow Mr. Hernandez the opportunity to continue with his substance abuse treatment.

On January 27, 2023, a Probation Form 12C was submitted advising the Court Defendant provided a positive urinalysis for marijuana on December 19, 2022, and on January 12, 2023. Due to his continued use, it was recommended a warrant be issued for Defendant's arrest. On February 21, 2023, Defendant was taken into custody by the U.S. Marshals Service and remains in federal custody. At the time of his arrest, Defendant had completed approximately nine months of supervision.

### B. Hearing on USPO's Petition

The undersigned set the petitions for hearing to be held on March 1, 2023. Dkt. 11. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Jesus Salinas; Assistant U.S. Attorney Michelle Fernald; and USPO Officer Miguel Rodriguez. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District Judge at the

time of imposition of sentence, and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in both petitions.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel, AUSA Fernald, and the USPO Officer all agreed that Defendant's term of supervised release should be continued on the same terms currently in place, and the undersigned accepted this agreement on the record.

## II.   FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.

2. The most serious violation under both petitions is a Grade C, and Defendant's criminal history category is V.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petitions, and there is a factual basis in support of that finding.

### III.   FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

## IV.  RECOMMENDATION

The Magistrate Court has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that Defendant's term of supervised release be **CONTINUED** and the USPO's petitions to revoke be **DENIED**.

The undersigned **RECOMMENDS** that the District Court continue to impose the current conditions of Defendant's supervised release.

## V.  WARNINGS

In order to expedite the District Court's consideration of this report and recommendation, the parties jointly tendered a waiver of the 14-day objection period to the undersigned's report and recommendation. The undersigned, therefore, does not anticipate that objections will be filed. Nonetheless, out of an abundance of caution, the undersigned provides the parties with the following warning:

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after

the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 1, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE